UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JENNIFER MARIE LENZEN, | Civil No. 10-2147 (JRT/FLN) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER DENYING MOTION FOR REVIEW OF TAXATION COSTS |
| WORKERS COMPENSATION REINSURANCE ASSOCIATION, | |
| Defendant. | |

Michael A. Fondungallah, **FONDUNGALLAH & KIGHAM, LLC**, 2499 Rice Street, Suite 145, St. Paul, Minnesota 55113, for plaintiff.

Rhiannon C. Beckendorf and Kerry L. Middleton, **LITTLER MENDELSON, PC**, 80 South 8th Street, Suite 1300, Minneapolis, Minnesota 55402, for defendant.

Following dismissal of her disability discrimination, retaliation, and state law whistleblower claims on summary judgment, Lenzen now objects to the entry of a cost judgment against her. Because the Court finds that Lenzen has not proffered any sound reason for upsetting the presumption in favor of awarding costs to the prevailing party, Lenzen's objections will be overruled.

**I.    STANDARD OF REVIEW**

"A prevailing party is presumptively entitled to recover all of its costs." *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005); *see also Bathke v. Casey's Gen. Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995) (observing that Federal Rule of Civil

Procedure 54(d) "codifies the presumption that . . . costs will be awarded to prevailing parties."); *see also* 28 U.S.C. § 1920 (specifying taxable costs). Allocation of costs is within the trial court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). The losing party bears the burden of showing that an award is inequitable under the circumstances. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). However, "a general statement of fairness is insufficient, without more, to rebut the Rule 54(d)(1) presumption for an award of costs to the prevailing party." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).

## II. LENZEN'S OBJECTIONS TO THE COST JUDGMENT

Lenzen presents two colorable objections to the cost judgment: (1) the unfairness of awarding costs given the large economic disparity between the parties, and (2) Workers Compensation Insurance Association's (hereinafter "WCRA") potential recovery of duplicating costs for documents that should already have been in its possession.[1]

---

[1] Lenzen's other arguments are either moot or manifestly without merit. First, Lenzen's objection to the award of costs related to document scanning is moot because those costs were not awarded. (*See* Aff. of Rhiannon C. Beckendorf at 4, Jan. 1, 2012, Docket No. 70 (noting scanning costs of $957.75); Cost Judgment, Ex. 1, Mar. 27, 2012, Docket No. 79 (denying scanning costs of $957.75).) Second, the Eighth Circuit has rejected Lenzen's argument that only costs for materials used in a successful summary judgment motion should be recoverable. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363-64 (8th Cir. 1997) (observing that whether materials were necessarily obtained for the case is determined at the time the fee is incurred, not based on whether the materials played a role in the summary judgment decision).

### A. Economic Disparity Between the Parties

Lenzen first argues that the award of costs is improper in view of the "large economic disparity" between the parties. In deciding whether to award costs, the district court may consider a losing party's limited financial resources. *See Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (finding abuse of discretion in district court's failure to consider losing party's indigence and the chilling effect of imposing high costs on future civil rights litigants).[2]

In support of this argument, Lenzen submits a social security benefit statement, noting that she received a total of $14,107.80 in benefits during 2011, and WCRA's annual report showing $92 million in comprehensive income for 2010. The Court finds this information woefully insufficient to support a determination that Lenzen is unable to pay the cost judgment. Lenzen offers no indication of her overall financial resources, nor does she provide any information about her future ability to pay. *See, e.g.*, *Rivera v. Chicago*, 469 F.3d 631, 637 (7th Cir. 2006) (finding abuse of discretion in district court's denial of prevailing party costs where losing party "did not identify any basis for a finding that she will be incapable of paying the City's costs at some point in the future"); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 447 (4th Cir. 1999) (holding that

---

[2] *See also Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir. 1988) (affirming district court's decision to impose costs against litigant proceeding in forma pauperis); *Mulvihill v. Spalding Worldwide Sports, Inc.*, 239 F. Supp. 2d 121, 122 (D. Mass. 2002) (denying application for costs in view of "the plaintiff's limited means, the substantial impact of the award requested, the disparity of resources between the parties, the colorable quality of the plaintiff's case, the professional manner in which the case was tried and the significant public policy issues concerned"). Economic disparity in parties' financial resources, however, is not a relevant to the Rule 54(d) calculus in all circuits. *See Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 289 (3d Cir. 2010).

unemployment and the absence of independent income did not shield unsuccessful Title VII plaintiff from assessment of costs where income from other sources was significant). In sum, the mere fact that WCRA has more financial resources than Lenzen is insufficient to rebut the presumption that the prevailing party is entitled to costs.

### B. Lenzen's "Duplicative and Investigative" Objection

Lenzen next objects to being taxed for the cost of WCRA's obtaining documents that it "already has or should have," namely Lenzen's medical records, social security records, and records stemming from proceedings before the Minnesota Department of Human Rights ("MDHR") to which WCRA was a party. Copy and exemplification fees may be awarded if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The necessity determination must be made in light of the facts known at the time the fees were incurred, without regard to intervening developments that later render the materials unneeded. *See Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997).

Lenzen lodges a vague, one-paragraph objection that requesting these documents was investigative and duplicative. The Court finds this objection insufficient to carry Lenzen's burden to show that assessment of fees for obtaining copies of her medical records, social security records, and MDHR documents is inequitable under the circumstances. *See Concord Boat Corp.*, 309 F.3d at 498 (observing that the losing party bears the burden of showing that an award is inequitable). At most, Lenzen's objection amounts to a general statement of unfairness, which is insufficient to overcome an award

of costs to the prevailing party. *Thompson*, 472 F.3d at 517. Lenzen offers, for example, no rationale as to why – or evidence demonstrating that – obtaining complete copies of her medical records, social security records, and MDHR documents was unnecessary or duplicative in this case. Moreover, Lenzen does not dispute WCRA's contention that she provided very limited information about her social security benefits in discovery, nor that the documents WCRA requested from MDHR included documents that WCRA would not already have possessed. Absent any reason to believe otherwise, the Court finds that WCRA was entitled to obtain complete copies of Lenzen's medical and social security records, and relevant documents from the MDHR because information typically contained in these documents plainly bears on the merits of a disability discrimination claim. In sum, the Court will not disturb the presumption that WCRA is entitled to its costs in the absence of any persuasive reason to do so.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Review of Taxation of Costs [Docket No. 80] is **DENIED**.

DATED:  June 29, 2012                               _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                  JOHN R. TUNHEIM
                                                         United States District Judge